UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FONDS DES MISSIONS,<br>80 Saint-Charles St East<br>Longueuil (Quebec) Canada J4H 1A9,<br>Plaintiff, | ) | |
| v. | ) | No. _______________ |
| UNITEDHEALTH GROUP INCORPORATED,<br>1 Health Drive<br>Eden Prairie, Minnesota 55344, and<br>655 New York Avenue, N.W.<br>Washington, D.C. 20001,<br>Defendant. | ) | |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1. This complaint arises under the Securities Exchange Act of 1934, 15 U.S.C. § 78a *et seq.*, and regulations issued thereunder, based on the decision of defendant UnitedHealth Group Incorporated (“UnitedHealth”) to omit a shareholder proposal from plaintiff Fonds des Missions from the company's proxy materials that will be mailed to shareholders prior to UnitedHealth’s 2026 annual meeting of shareholders. Plaintiff seeks declaratory and injunctive relief that would require UnitedHealth to include that proposal in its upcoming proxy solicitation.

2. This Court has jurisdiction over the claim pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 78aa. Venue is proper in this district under 15 U.S.C. § 78aa.

PARTIES

3. Plaintiff Fonds des Missions, also known as the Mission Fund, was until January 1, 2026 known as the Durocher Fund or Fonds Durocher. Plaintiff is a Canadian registered charitable corporation constituted for the purposes of supporting, developing and administering missionary, humanitarian, charitable, and religious works related to, or founded by, the Congrégation des Sœurs des Saints Noms de Jésus et de Marie/Congregation of the Sisters of the Holy Names of

Jesus and Mary. Plaintiff owns common stock issued by UnitedHealth Group and other companies, and it regularly submits shareholder proposals, an activity consistent with a core value of fostering dutiful corporate governance. Plaintiff owns more than $2000 worth of UnitedHealth's common stock and is otherwise eligible to submit shareholder proposals to portfolio companies under rules of the Securities and Exchange Commission ("SEC").

4. UnitedHealth Group is a Delaware corporation with headquarters in Eden Prairie, Minnesota and Washington, D.C. UnitedHealth's securities are subject to registration with the SEC under 15 U.S.C. § 78*l* and regulations issued thereunder.

FACTS

5. Under applicable state corporation laws, UnitedHealth Group and many other corporations are required to hold an annual meeting of shareholders, at which time shareholders elect members of the board of directors and transact other business. The agenda of an annual meeting may consist of matters proposed by the company's board and by shareholders.

6. In anticipation of an annual meeting, UnitedHealth Group and other companies circulate "proxy materials" that advise shareholders of the items to be voted at the meeting and that ask shareholders to provide the company with instructions about how they want their shares to be voted.

7. Under section 14(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78n(a), no person may solicit proxies with respect to securities registered under that Act in a manner that violates rules issued by the SEC.

8. The SEC's "Rule 14a," 17 C.F.R. § 240.14a-1 *et seq.,* governs the solicitation of proxies prior to any shareholder meeting. Rule 14a-8(a) and (c) state that if a security holder who meets certain eligibility requirements (principally ownership of $2000 worth of shares for at least one year) notifies the issuer of the security (such as UnitedHealth) that the security holder intends to present a

proposal for action at an upcoming shareholders' meeting, the issuer must, with certain limited exceptions set forth in Rule 14a-8(i), include the proposal in its proxy materials, identify it in its form of proxy, and give shareholders an opportunity to vote on the proposal on the company's proxy card. Among other things, the exceptions in Rule 14a-8(i) permit the exclusion of proposals that have been substantially implemented, cannot be implemented, are invalid under state law, or (as is claimed in this case) involve the "ordinary business" operations of the company without raising a "significant policy" issue on which it would be appropriate for the company to hear the views of the company's owners. Rule 14a-8(g) imposes the burden of proving an exclusion applies on the company.

9. By letter dated December 15, 2025, Durocher Fund timely submitted to UnitedHealth a shareholder proposal and a supporting statement (collectively the "Proposal"), with a request that UnitedHealth include the Proposal in the proxy materials that UnitedHealth intended to distribute to shareholders in anticipation of the 2026 annual meeting. The Proposal contained a "resolved clause" stating:

> Resolved: UnitedHealth Group Inc. ("UHG") shareholders request that its Board of Directors publish a report, at reasonable expense and omitting proprietary and confidential information, describing the healthcare consequences of its acquisitions over the past 10 years.

10. The supporting statement cited UnitedHealth's aggressive vertical integration strategy in recent years and how that strategy could have adverse impacts on shareholders, patients and the country's healthcare system.

11. Under SEC Rule 14a-8(j), a company must notify the SEC if the company intends to omit from its proxy materials a shareholder proposal submitted under SEC Rule 14a-8. The notice must state reasons for omitting the proposals, and the notification must be filed at least 80 days before the company files definitive proxy materials.

12. In a letter to the SEC's Division of Corporation Finance dated January

30, 2026, UnitedHealth advised that the company intended to omit the Proposal from its proxy materials. United Health stated that, in its opinion, the Proposal related to the company's "ordinary business" and attempted to "impermissibly micromanage" the company's operations within the meaning of the "ordinary business" exception in Rule 14a-8(i)(7). The timing of this filing suggests that UnitedHealth will not circulate definitive proxy materials prior to April 20, 2026.

13. Plaintiff responded by letter dated February 10, 2026, arguing that the Proposal could not be omitted from the company's proxy materials because the topic "transcended" a company's ordinary business operations and thus was a proper subject on which shareholders could offer their views without trying to "micromanage" company operations.

14. In years gone by and until just a few months ago, this exchange of letters would likely have generated a non-binding, informal response from the SEC staff, stating either than there appeared to be "some basis" for the company's position or that the staff could not "concur" with the company's position. Such staff guidance was known as a "no-action letter" because if a company omitted a proposal notwithstanding a negative staff determination, the staff might refer the matter elsewhere in the agency for a possible enforcement action.

15. In November 2025, however, the SEC staff issued a Notice announcing that in light of a shutdown-related backlog in other areas of the staff's responsibilities, the staff would no longer review requests for no-action relief or issue no-action responses for the 2026 annual meeting season. Rule 14a-8 still requires companies to provide notice to the SEC of an intent to omit a proposal at least 80 days before filing definitive proxy materials, with a copy to the proponent, but the staff would no longer provide guidance relating to their views on the competing arguments.

16. The staff Notice added that if a company wanted an acknowledgement

from the staff, the staff would issue a letter stating that the staff did "not object" to the omission of the proposal. A February 2026 staff statement indicated that any such no-objection language meant: "We aren't putting a thumb on the outcome scale either way."

17. By letter to UnitedHealth's counsel dated February 13, 2026 the SEC staff stated that "will not object if the Company excludes the Proposal from its proxy materials."

18. UnitedHealth's decision to exclude plaintiff's shareholder proposal from the company's 2026 proxy statement in the manner described here has irreparably injured plaintiff and will continue to injure plaintiff absent relief from this Court.

19. Equitable relief is warranted because plaintiff has no remedy at law.

## CAUSE OF ACTION

20. Defendant UnitedHealth Group's intent to exclude plaintiff Fonds des Missions's shareholder proposal from the company's 2026 proxy statement in the manner described in this complaint is a violation of 15 U.S.C. § 78n(a) and 17 C.F.R. § 240.14a-8(a).

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Fonds des Missions prays that this Court:

(1) declare that UnitedHealth Group's omission of Fonds des Missions's shareholder proposal is unlawful under SEC Rule 14a-8;

(2) preliminarily and permanently enjoin defendant UnitedHealth Group from refusing to include plaintiff's resolution in UnitedHealth's 2026 proxy materials on the basis of 17 C.F.R. § 240.14a-8(i), as well as in any proxy materials that UnitedHealth may circulate in future years as to which the resolution is eligible for inclusion;

(3) award plaintiff its costs and a reasonable attorneys' fee; and

(4) award plaintiff such other relief as is just and proper.

Cornish F. Hitchcock (D.C. Bar No. 238824)
Hitchcock Law Firm PLLC
5614 Connecticut Avenue, NW No. 304
Washington, D.C. 20015-2604
(202) 489-4813 • conh@hitchlaw.com

March 19, 2026

Counsel for Plaintiff Fonds des Missions